Martin, J.

delivered the opinion of the court. The plaintiff, in this case, had a verdict, and *687 the court gave judgment in the following words: "judgment for the plaintiff, for the sum of seven hundred and fifty dollars, with costs of suit to be taxed." The defendant appealed- and assigns for error, that the judgment makes no reference to any law, and contains none of the reasons on which it is grounded.
West. District.
Sept. 1818.
The plaintiff and appellee replies, that there was a verdict, and the record, after the entry of it, proceeds-"Whereupon it was decreed by the court in the following words, viz. judgment for the plaintiff," & c.-that the word whereupon conveys the idea, that upon the verdict, upon the facts in issue being found for the plaintiff, as the idea is thereby conveyed that the case turned on a question of fact, which the jury have found for the plaintiff.
The constitution of this state requires that "the judges of all courts within the state shall, as often as it may be possible so to do, in every definitive judgment, refer to the particular law, in virtue of which such a judgment may have been rendered, and in all cases adduce the reasons on which their judgment is founded.” Art. 4 & 12.
In the present case, we have the judgment of the court in haec verba, "judgment for the plain *688 tiff for the sum of seven hundred and fifty dollars, with costs of suit to be taxed,” the word whereupon, presented to us as shewing the reason on which the judgment was rendered, makes no part of it. It is, when used by the clerk, an adverb of time, almost synonimous with af-terwards. It is not the province of the clerk to detail the reasons which influence the court in what they are doing-he is only to record chronologically what is done.
We readily admit that, if the reasons of a judge could, in any case, be dispensed with, it is when it is bottomed on a verdict-but if they could be dispensed with in such a case, could they be insisted on, on a demurrer, or a demurrer to the evidence, on an arrest of judgment? In-all these cases, as well as in the present one, the record shews, that the facts wire previously settled, and that the judge did not do any thing but to apply the law.
When the constitution makes no distinction, and requires reasons to be adduced in all cases, can the judges of this court say that none are required in cases in which there is a general or a special verdict, a demurrer to the petition, answer, or to the evidence, or when the judgment is arrested? Ubi lex non distinguit, nec nos distinguere debemus..
*689 When a magistrate is about to pronounce upon the claim, to dispose of the property, of a fellow-citizen, he ought to pause a while-and the constitution has wisely lengthened this pause, by requiring the judge to dwell upon and specify on the record the reasons which decide him. If we were to determine that in the present case, no reason was necessary-it would not be easy for us to draw a line between the cases in which a court may abstain from, and those in which it is bound to, assign reasons.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed-and, as there is no statement of facts, or any thing which may enable us to examine the case, it is ordered and adjudged, that it be remanded, with directions to the court to give judgment therein as the constitution requires, referring, if possible, to the particular law, in virtue of which the judgment is rendered, and adducing the reasons on which it is founded-and it is ordered, that the appellee pay costs in this court. Laverty & al. vs. Gray & al. 4 Martin, 463, Sierra vs. Slort, id. 316, Slocum vs. Sibley, ante 682, Montserrat vs. Godet, id. 522, Doubrere vs. Papin, id. *690 498, Poston vs. Adams, id. 201, Urquharts vs. Taylor, id. 202.
Wilson for the plaintiff, I. Baldwin for the defendant.